**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3861
_____

CHARLES WALKER,
AND ON BEHALF OF THE ESTATE
OF KIARA WALKER (DECEASED)

v.

ANDREW J. STERN; KLINE & SPECTER; ANGIE OTERO,
a/k/a Angie Jones; COURT OF COMMON PLEAS

Charles Walker,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-11-cv-01659)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2013

Before: SCIRICA, HARDIMAN and GREENAWAY, JR. , <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 23, 2013)
_____

OPINION
_____

1

PER CURIAM

Charles Walker, proceeding pro se, appeals from the District Court's orders dismissing his complaint with prejudice (Dkt. No. 34) and denying his motion for reconsideration (Dkt. No. 42). There being no substantial question presented on appeal, we will summarily affirm.

I.

At all times relevant to these facts, Walker was (and remains) incarcerated. In 2005, Angie Otero, the mother of Walker's infant daughter, Kiara, filed a medical malpractice lawsuit against Temple University Hospital after Kiara died after a delay in the diagnosis of left hypoplastic heart syndrome. After discussion with Otero and her attorney, Andrew Stern, Walker signed a waiver of claims, dated August 25, 2005, voluntarily renouncing his rights in the lawsuit. (Dkt. No. 1-4, p. 6.) In 2006, Otero was awarded nearly $2.25 million in damages pursuant to the terms of a settlement agreement. Later that year, Otero was named the administratrix of Kiara's estate. (Dkt. No. 1-2.) Walker then received a notice from the estate indicating that he was entitled to a portion of the settlement proceeds, and as a result, he requested a hearing to determine the administration of Kiara's estate. (Dkt. No. 1-2, p. 9.) In an order dated December 14, 2006, the Philadelphia Court of Common Pleas declined to distribute any of the settlement funds to Walker.

Otero also filed a complaint for custody of Cyani, her other child with Walker. The Family Division of the Philadelphia Court of Common Pleas awarded her primary

2

physical and legal custody without prejudice to Walker, due to his incarceration. (Dkt. No. 1-3, p. 5.) Walker filed a pro se petition to modify the custody order but apparently failed to serve, or otherwise notify, Otero. Just before a scheduled custody hearing, Otero filed a petition for special relief to terminate Walker's parental rights and prevent him from contacting Cyani.[1]

In February 2011,Walker filed a complaint, pursuant to 42 U.S.C. §§ 1983 and 1985, against Otero, Stern, Kline & Specter P.C. (Stern's law firm), and the Philadelphia Court of Common Pleas, alleging that they violated his rights under the First, Fourth, Eighth and Fourteenth Amendments. (Dkt. No. 1.) He also alleged violations of several Pennsylvania laws, including breach of contract, fraud, misrepresentation and loss of consortium. Walker claimed that Otero and Stern conspired to deprive him of his portion of the settlement proceeds; conspired to have Otero appointed as administratrix of Kiara's estate; and that Cyani's custody proceedings were instituted in furtherance of those conspiracies. He requested declaratory and injunctive relief and compensatory damages in the amount of his share of the settlement proceeds.

All of the Defendants filed motions to dismiss pursuant to Federal Rule of Procedure 12(b)(6). Stern and Kline & Specter argued that Walker's complaint was barred by the applicable statutes of limitations. (Dkt. No. 13.) The Philadelphia Court of Common Pleas asserted Eleventh Amendment immunity. (Dkt. No. 20.) Otero argued

---

[1] As the District Court noted, the outcome of these proceedings is unknown. (Dkt. No. 35, p. 4 n.4.)

that Walker's complaint should be dismissed as barred by the applicable statutes of limitations and for failure to effectuate proper service. (Dkt. No. 28.) The District Court granted all of the Defendants' motions and dismissed Walker's complaint with prejudice. (Dkt. Nos. 34, 35.) His subsequent motion for reconsideration was also denied. (Dkt. No. 42.) He timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a Rule 12(b)(6) motion to dismiss. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). We review the denial of a motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

First, the District Court properly determined that Walker's fraud and misrepresentation claims against Otero, Stern, and Kline & Specter were barred by the applicable two year statute of limitations. See 42 Pa. Stat. Ann. § 5524. Walker alleged that those defendants committed fraud and misrepresentation with respect to the waiver he executed relinquishing his rights to the medical malpractice lawsuit. We agree with the District Court that the latest date Walker became aware of any alleged fraud or misrepresentation was December 14, 2006, when the Philadelphia Court of Common Pleas issued its order declining to give him any of the settlement proceeds. (Dkt. No. 35,

4

p. 9.) Walker's complaint, filed in 2011, was plainly outside of the statutory limitations period.

Next, the District Court dismissed Walker's legal malpractice claim against Stern and Kline & Specter for failure to state a claim. A legal malpractice claims requires proof of (1) employment of the attorney; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of damage to the plaintiff. Knopick v. Connelly, 639 F.3d 600, 606 n.7 (3d Cir. 2011). As the District Court aptly noted, Stern and his law firm were not employed by Walker, Walker was not represented by counsel, and he knew that only Otero was represented by counsel. (Dkt. No. 35, p. 9.) Given Walker's inability to prove the first element of a legal malpractice claim, it was properly dismissed.

Walker also alleged that Otero, Stern, and Kline & Specter conspired to deprive him of his share of the settlement proceeds. The first element of a § 1985 conspiracy claim is proof that the defendants engaged in a conspiracy. See Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006). The District Court concluded that the complaint was "devoid of specific facts to plausibly suggest that a conspiratorial agreement existed" between any of those defendants (Dkt. No. 35, p. 14). That conclusion was well-founded, and the conspiracy claim was properly dismissed. See Ashcroft v. Iqbal, 556 U.S. 662. 678 (2009) (plausibility standard requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct). As for Walker's remaining constitutional claims against Otero, Stern, and Kline & Specter, we agree with

5

the District Court that none of those defendants are "state actors" as required to sustain an action under § 1983. Groman v. Twp. of Manalaplan, 47 F.3d 628, 638 (3d Cir. 1995) (no liability under § 1983 for those not acting under color of state law).

For all of the reasons given by the District Court, (Dkt. No. 35, pp. 10-11, 13-14), we agree that the Philadelphia Court of Common Pleas is immune from suit by virtue of the Eleventh Amendment, and that it is not a person subject to suit under § 1983. We also conclude that the District Court's denial of Walker's motion for reconsideration (Dkt. No. 42) was not an abuse of its discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

III.

There being no substantial question presented on appeal, we will summarily affirm the District Court's dismissal of Walker's complaint with prejudice.